**STEPTOE & JOHNSON LLP**
FILIBERTO AGUSTI (*pro hac vice*)
JOSHUA R. TAYLOR (*pro hac vice*)
2121 Avenue of the Start, Suite 2800
Los Angeles, California 90067-5052
Telephone: (310) 734-3200//Facsimile: (310) 734-3300
Email: fagusti@steptoe.com
         jrtaylor@steptoe.com

**RICE REUTHER SULLIVAN & CARROLL, LLP**
David A. Carroll, Esq. (NSB #7643)
Anthony J. DiRaimondo, Esq. (NSB #10875)
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099//Facsimile: (702) 732-7110
Email: dcarroll@rrsc-law.com
         adiraimondo@rrsc-law.com

*Attorneys for Debtor's Counsel/Defendants*
*GREENBERG TAURIG, LLP and*
*BOB L. OLSON*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-11-14153-BTB |
| PARK CENTRAL PLAZA 32, LLC, | Chapter 11 |
| Debtor. | |
| PARK CENTRAL PLAZA 32, LLC, | Adversary No.: 14-01096-BTB |
| Plaintiff, | **AMENDED NOTICE OF REMOVAL** |
| vs. | |
| GREENBERG TRAURIG, LLP and BOB L. OLSON, | |
| Defendants. | |

TO THE HONORABLE JUDGE BRUCE T. BEESLEY, UNITED STATES BANKRUPTCY JUDGE, THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA, ALL PARTIES IN THE ABOVE-REFERENCED STATE COURT CIVIL ACTION HEREBY REMOVED, AND THE CLERK OF THE DISTRICT COURT FOR THE EIGHTH JUDICIAL DISTRICT (CLARK COUNTY):

Pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1452, 28 U.S.C. § 1134, 28 U.S.C. § 157 and United States District Court for the District of Nevada LR 1001, Defendants Greenberg Traurig, LLP ("GT") and Bob L. Olson ("Olson" and collectively with GT, the "Defendants"), hereby file this Amended Notice of Removal.

1. On May 30, 2014, Park Central Plaza 32, LLC ("PCP", "Plaintiff" or the "Debtor") filed a Complaint (the "Complaint") in the District Court for the Eighth Judicial District (Clark County), Case No. A-14-701605-C asserting that the defendants committed legal malpractice in the services provided and not provided to PCP, breached their fiduciary duty to PCP and breached the covenant of good faith and fair dealing (the "State Court Case").

2. On June 9, 2014, the Defendants filed a Motion of Greenberg Traurig, LLP and Bob L. Olson For Expedited Order Under Section 350 of the Bankruptcy Code Reopening Chapter 11 Case [ECF No. 218] (the "Motion to Reopen").

3. On June 9, 2014, Defendants timely filed a Notice of Removal [ECF No. 217] (the "Notice of Removal") pursuant to which Defendants removed the State Court Action to this Court.

4. On August 14, 2014, the Motion to Reopen was granted. [ECF No. 265].

5. The Notice of Removal was timely filed, effective to remove the State Court Case and an amendment is not necessary as a result of the granting of the Motion to Reopen. Nevertheless, in the abundance of caution, and solely to the extent necessary to preserve their rights and the effectiveness of the Notice of Removal in removing the State Court Case, Defendants file this Amended Notice of Removal. As grounds for removal, the Defendants state as follows:

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) because this matter arises under the above captioned bankruptcy proceeding, and all claims and causes of action in the State Court Action may be removed to this Court under 28 U.S.C. § 1452.

7. This is an action over which this Court has jurisdiction. Every aspect of the State Court Case is based upon GT's alleged actions or inactions during the Debtor's above-captioned Chapter 11 Case.

8.  Pursuant to 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). This Court has jurisdiction of the claims in the State Court Action on several bases.

9.  First, section 1334(e)(2) grants this Court exclusive jurisdiction "over all claims or causes of action that involve construction of section 327," under which the bankruptcy estate employs professionals. This Court appointed GT reorganization counsel pursuant to section 327.

10. Second, section 1334(b) of Title 28 states that district courts have original jurisdiction over "all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b). A civil proceeding "arises under" Title 11 when it involves a "cause of action created or determined by a statutory provision of [T]itle 11." *In re Harris Pines Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995) (citing *In re Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987)); *In re Eastport Assocs.*, 935 F.2d 1071, 1076-77 (9th Cir. 1991) (same). A civil proceeding gives rise to "arising in" jurisdiction if the proceeding is "not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.*

11. Thus, "claims that arise under or in Title 11 are deemed to be 'core' proceedings, while claims that are related to Title 11 are 'noncore' proceedings". *Id.* (citing *In re Int'l Nutronics*, 28 F.3d 965, 969 (9th Cir. 1994)). The State Court Action gives rise to core jurisdiction because (i) post-petition claims against court-appointed professionals for alleged misconduct in actions relating to the bankruptcy estate are subject to a bankruptcy court's arising "under" or "in" jurisdiction and (ii) the State Court Action challenges and seeks to revisit bankruptcy court orders and thus qualifies as a case arising "under" or "in" Title 11.

12. Removal to the Bankruptcy Court for the District of Nevada is appropriate. Under Bankruptcy Rule 9027(a)(1), a Notice of Removal based on 28 U.S.C. § 1452 must be filed "with the clerk for the district and division within which is located the state or federal court where the civil action is pending." "Since Bankruptcy Rule 9001(3) defines 'clerk' as the bankruptcy clerk, and the bankruptcy court is a unit of the district court, the notice of removal is filed with the

bankruptcy clerk rather than the district court clerk." *Collier on Bankruptcy* ¶ 9027.03 (16th ed. 2012); *see also Funquest Vacations Inv. v. Northwest Airlines*, 1998 WL 124222, *1 (E.D. Penn. February 5, 1998) ("While the express language of the statute refers to removal to the district court, removal directly to the bankruptcy court of the district has been sustained on several grounds: the bankruptcy court's status as a unit of the district court, the automatic referral of the district court's bankruptcy jurisdiction to the bankruptcy court for the district and the definition in Rule 9001(3) of 'clerk' to mean the 'bankruptcy clerk' if one has been appointed.").

13.  Further, "[i]f the district court's local rules so provide, the removed action will then be referred automatically to the bankruptcy court." *In re Harris Pine Mills*, 44 F.3d at 1431 (citing 28 U.S.C § 157(a)). LR 1001(b)(1) states that "[a]ll cases and proceedings within the bankruptcy jurisdiction of the Court are referred to the bankruptcy judges."

14.  Removal is timely because the Notice of Removal was filed within thirty (30 days) from the date the Plaintiff served the Defendants with the Complaint. *See* Fed. R. Bankr. Proc. 9027(a)(1).

15.  In accordance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure and Rule 7 of the Federal Rules of Civil Procedure, attached as Exhibit A are copies of all the process and pleadings from the State Court Action.

16.  In accordance with LR 9027.1, Defendants state that this matter is a core proceeding and Defendants do consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

17.  Pursuant to Rule 9027(b), Defendants will serve a copy of this Amended Notice of Removal on counsel for the Plaintiff and will file a copy with the clerk of court in the State Court. A copy of the Notice of the Filing of an Amended Notice of Removal to be filed with the State Court is attached as Exhibit B.

18.  The Defendants sign this Notice of Removal pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure.

**NOW THEREFORE**, all parties to the State Court Action pending in the State Court at Case No. A-14-701605-C are **HEREBY NOTIFIED** pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure as follows:

Removal of the State Court Action and all claims and causes of action therein was effected upon the filing of a copy of the Notice of Removal with the clerk of court for the Eighth Judicial District Court (Clark County) pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure and to the Bankruptcy Court for the District of Nevada. The parties to the State Court Action shall proceed no further unless and until the action is remanded by this Court.

DATED this 19th day of August, 2014.

RICE REUTHER SULLIVAN & CARROLL, LLP

By: _/s/ Anthony DiRaimondo_
David A. Carroll, Esq. (NSB #7643)
dcarroll@rrsc-law.com
Anthony J. DiRaimondo, Esq. (NSB #10875)
adiraimondo@rrsc-law.com
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110

**STEPTOE & JOHNSON LLP**
FILIBERTO AGUSTI (*pro hac vice*)
fagusti@steptoe.com
JOSHUA R. TAYLOR (*pro hac vice*)
jrtaylor@steptoe.com
2121 Avenue of the Start, Suite 2800
Los Angeles, California 90067-5052
Telephone: (310) 734-3200
Facsimile: (310) 734-3300

*Counsel for Debtor's Counsel/Defendants*
*GREENBERG TRAURIG, LLP and*
*BOB L. OLSON*

5